Filed 2/3/25  P. v. White CA2/4

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B336184 |
| Plaintiff and Respondent, | Los Angeles County |
| v. | Super. Ct. No. GA037314 |
| PHILLIP LAMONT WHITE, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Michael Villalobos, Judge. Affirmed.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In 1999, a jury convicted defendant and appellant Phillip Lamont White of assault with a firearm (Pen. Code,[1] § 245, subd. (a)(2)) and four counts of robbery. (§ 211.) The jury found various other allegations true, though we omit those details because they have no bearing on this appeal. White was not convicted of murder, attempted murder, nor manslaughter.

In 2021, White filed a resentencing petition under former section 1170.95.[2] (*People v. White* (Jan. 21, 2022, B312709) [nonpub. opn.].)[3] The trial court denied him relief, concluding the crimes he was convicted of did not fall within the statute. (*Ibid.*) On that same basis, a different panel of this court affirmed the trial court's order denying White relief. (*Ibid.*)

In 2023, White filed a resentencing petition under section 1172.6. On his form petition, he checked a box claiming he was convicted of murder, attempted murder, or manslaughter, though his record of conviction clearly shows he sustained no conviction for any of those offenses. The trial court summarily denied his petition.

White timely appealed, and we appointed counsel to represent him. On August 1, 2024, appellate counsel filed a brief

1    All undesignated statutory references are to the Penal Code.

2    Effective June 30, 2022, the Legislature renumbered section 1170.95 to section 1172.6. (Stats. 2022, ch. 58, § 10.) There were no substantive changes to the statute. That section provides relief for certain individuals convicted of murder, attempted murder, or manslaughter under an imputed-malice theory of liability. (See § 1172.6.)

3    We take judicial notice of our opinion resolving White's prior resentencing appeal in case number B312709. (Evid. Code, § 452, subd. (a).)

raising no issues and asking this court to follow the procedures set forth in *People v. Delgadillo* (2022) 14 Cal.5th 216.

On October 10, 2024, we allowed White to file a late supplemental brief. In his supplemental brief, White raises various arguments, though none of them resolves the central defect in his petition – that he is ineligible for section 1172.6 relief because he was convicted of robbery and assault, not murder, attempted murder, or manslaughter. We therefore reject his contentions.

In addition to rejecting White's contentions, we exercise our discretion to independently review the record, and we conclude no arguable issues exist. (See *People v. Delgadillo*, *supra*, 14 Cal.5th at p. 232.)

## DISPOSITION

We affirm the order denying White section 1172.6 relief.

### NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

CURREY, P. J.

We concur:

COLLINS, J.

MORI, J.

3